FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 DEC 28 PM 1:42

U.S. DISTRICT COURT
N.D. OF ALABAMA

FRANK BREWER, )
              )
      Plaintiff, )
              )
vs.           ) CV 97-BU-3331-S
              ) ENTERED
GAYFER'S MONTGOMERY FAIR )
COMPANY,      ) DEC 28 1998
              )
      Defendants. )

## Memorandum Opinion

This cause comes on to be heard on a motion for summary judgment filed by the defendant, Gayfer's Montgomery Fair Company ("Gayfer's"), on October 27, 1998. In its motion, the defendant contends that the plaintiff, Frank Brewer ("Brewer") cannot raise a genuine issue of triable fact that he was terminated on the basis of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*

Summary judgment provides the parties an invaluable opportunity to test the mettle of a case before it ever reaches trial. On a motion for summary judgment, the court assesses all of the proof the parties can bring to bear in order to ascertain whether a genuine need for trial is present. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is weighed heavily in favor of the non-movant; it is appropriate only if the court concludes that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment has the initial responsibility of informing this court of

16

the grounds for its motion and specifically identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits that it believes demonstrate the absence of a genuine issue of material fact. Id. at 323. The movant's burden is not meager; it must illuminate for the court the reasons why the non-movant cannot or does not raise a genuine issue of material fact sufficient to support a trial.

Once the moving party has satisfied this initial burden, however, the nonmoving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." *Howard v. BP Oil Company*, 32 F.3d 520, 523 (11th Cir. 1994). Rule 56(e) requires the nonmoving party to "go beyond the pleadings" and by "affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts'" showing there exist genuine issues for trial. *Celotex*, 477 U.S. at 324; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). "Tenuous insinuation" and empty speculation based on loose construal of the evidence will not satisfy the non-movant's burden. *Cf. Mesnick v. General Elec. Co.*, 950 F.2d 816, 820 (1st Cir. 1991), *cert. denied*, 504 U.S. 985 (1992).

While the court may consider the offered "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in deciding whether to grant or deny a summary judgment motion, FED. R. CIV. P. 56(c), the Rule "saddles the non-movant with the duty to 'designate' the specific facts in the record" supporting its claims. *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). "Rule 56 . . . does not impose upon the district court a duty to survey the entire record in search of evidence to support a non-movant's opposition." *Id. See also Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir.) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment."), *cert. denied*, — U.S. —, 116 S.Ct. 74 (1995).

In resolving whether a given factual dispute requires submission to a jury, the court must inspect the presented evidence through the looking glass of each party's substantive evidentiary burden. *Anderson*, 477 U.S. at 254-55. The court, however, must avoid weighing conflicting evidence for probity or making credibility determinations. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). "It is not part of the court's function, when deciding a motion for summary judgment, to decide issues of material fact, but rather decide whether such issues exist to be tried. The Court must avoid weighing conflicting evidence or making credibility determinations." *Hairston*

*v. Gainesville Sun Publishing Co.*, 9 F.3d 913, 919 (11th Cir. 1993). At the same time, "[t]he nonmoving party must provide more than a mere scintilla of evidence to survive a motion for judgment as a matter of law; 'there must be a substantial conflict in evidence to support a jury question.'" *Tidwell v. Carter Products*, 135 F.3d 1422, 1425 (11th Cir. 1998) (*citing Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir.1989)).

## Facts

The plaintiff was hired by the defendant on September 7, 1971. In 1982, he was made a department manager for the drapery department in the Tuscaloosa store. In August of 1993, Scott Gallant was made the manager of the Tuscaloosa store. Beginning in March of 1994, Gallant began recording difficulties with the plaintiff's work performance. Consistently, Gallant noted that although the plaintiff worked long hours, he accomplished little, that he completed tasks outside of his deadlines,[1] that the plaintiff's department was unorganized,[2] and that his department did not conform to the store's visual standards.[3] Also, the plaintiff was criticized for not holding monthly meetings in his department.[4] Finally, on June 24, 1997, after the plaintiff had taken a vacation at the same time as his stock room employee, creating a situation in which the stockroom was in disarray two days prior to a corporate inspection, Gallant recommended the termination of the plaintiff. The recommendation was approved and the plaintiff was terminated the same day.

The plaintiff claims that Gallant made several age-discriminatory statements in his presence. These include a statement, with respect to one of the plaintiff's subordinates, that she was being transferred because the plaintiff "needed younger blood in his department." With respect to two salespeople over the age of seventy who worked in the plaintiff's department, Gallant allegedly questioned why they had yet to retire. Finally, according to the plaintiff, comments that the

---

[1] According to the plaintiff, Gallant could not list a single task that the plaintiff had failed to complete, however.

[2] Purportedly, Gallant himself was somewhat disorganized.

[3] According to the plaintiff, there were no written visual standards for the plaintiff's department.

[4] The plaintiff contends that many of the department managers did not hold meetings.

plaintiff's department "was stale," that the plaintiff "fought change," and that the plaintiff was not sufficiently "open to the new ways of merchandising" imply a stereotyping of the plaintiff as a slow, change-resistant elderly individual.

## Contentions & Analysis

The plaintiff claims that his termination violated the ADEA because it was premised on his age. The ADEA makes it unlawful for an employer "to discharge any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1) (1994). *See Watkins v. Sverdrup Technology, Inc.*, 153 F.3d 1308, 1313 (11th Cir. 1998). Under the ADEA, the plaintiff can prove a case of discriminatory termination either through giving direct evidence, "such as age-biased statements made by the decision maker," by use of circumstantial evidence or "by presenting a statistical pattern of discrimination." *Zaben v. Air Products & Chemicals, Inc.*, 129 F.3d 1453, 1457 (11th Cir. 1997). *See also Holifield v. Reno*, 115 F.3d 1555, 1561-62 (11th Cir. 1997). The plaintiff contends that he can assert both a direct evidence and circumstantial evidence case of discrimination.

Direct evidence of discrimination is evidence which, without inference or presumption, could lead a trier of fact to conclude that discrimination occurred. *Carter v. City of Miami*, 870 F.2d 578, 580-81 (11th Cir. 1989). Because "direct evidence of discrimination is powerful evidence capable of making out a prima facie case essentially by itself," the Eleventh Circuit Court of Appeals "has marked severe limits for the kind of language to be treated as direct evidence of discrimination." *Jones v. Bessemer Carraway Medical Center*, 151 F.3d 1321, 1323 n.11 (11th Cir. 1998). A few isolated words unrelated to the employee's position or to a relevant hiring, promotion or termination decision will not create direct evidence. *Id.* Further, "remarks by non-decisionmakers or remarks unrelated to the decisionmaking process itself are not direct evidence of discrimination." *Standard v. A.B.E.L. Services, Inc.*, — F.3d —, —, 1998 WL 834520 at *11 (11th Cir. 1998). The plaintiff asserts that the statements made by Gallant that the department needed young blood and that the plaintiff was resistant to new ideas constitute direct evidence of discrimination.

The defendant counters that an intermediate inference is needed to conclude that the assertions of Gallant are expressions of a discriminatory intent against the plaintiff. The plaintiff replies, citing *Kilroy v. City of Talladega*, 96-PT-1298-E (N.D. Ala. 1997), that the intermediate step

between the utterances and a discriminatory intent towards the plaintiff is not one of inference, but of interpretation.

In *Kilroy*, the plaintiff brought suit against the defendant for failure to hire her as a firefighter on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, arguing that the statement of her interviewer that "his place was not set up for no woman" could be interpreted to mean that he did not want a woman working for the defendant. In response to an argument by the defendant that an intermediate inference would have to be drawn between the statement and the conclusion that the defendant did not want to hire the plaintiff because she was a woman, the court stated:

> The defendant's arguments suggest that direct evidence does not exist in cases in which an intermediate inference exists between the remark and the ultimate determination of discriminatory intent or in cases in which the jury would be required to interpret a remark as either a discriminatory disclosure or an innocuous utterance. Interpretation of fact is the province of the jury. On a motion for summary judgment, the court is to choose the interpretation most favorable to the non-movant and determine whether, on the basis of the interpretation, the plaintiff can state a claim.

*Id.* at 4. In the instant case, the court will give the statement that the department needs "younger blood" the interpretation that the department needed younger individuals in it. Nonetheless, an intermediate inference — i.e., that to introduce younger blood, Gallant was going to purge the department of its "older blood," the plaintiff and other older individuals in the department — is required to show discriminatory intent. Further, to infer from Gallant's belief that the plaintiff was resistant to new ideas to the conclusion that his belief was based upon preconceived misconceptions about older employees requires an intermediate inference that Gallant was, in fact, stereotyping.[5] The court therefore finds that the plaintiff is incapable of presenting its claim on the basis of direct evidence.

The plaintiff also premises his claim on circumstantial evidence. The Supreme Court has set up a burden shifting scheme as a means by which a plaintiff can establish a claim of discrimination when her claim rests entirely on circumstantial evidence. *See McDonnell Douglas Corp. v. Green*, 411

---

[5] This is to be contrasted to *Haynes v. W.C. Caye & Comp., Inc.*, 52 F.3d 928, 930 (11th Cir. 1995), in which the president of defendant bank inquired whether "a sweet little old lady could get tough enough with the customers and collect the money." In that case, the court was not required to infer from the statement that the bank president was stereotyping; it was evident from the face of the utterance. Here, the court must *infer* stereotyping in order to conclude that the statement made was evidence of a discriminatory intent.

U.S. 792 (1973), *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981), and *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993). The two initial burdens are meager. The plaintiff carries the initial burden of making out a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. at 802. Establishment of the *prima facie* case is accomplished through proving certain minimal facts: (1) that the employee belongs to a protected class, (2) that an employment-related action was taken and (3) that employees outside of the class or younger than the plaintiff with identical or poorer qualifications or employment records were treated more favorably. *Holifield v. Reno*, 115 F.3d at 1562. In the case in which a plaintiff is terminated, discriminatory termination can be established in an age discrimination case by demonstration that the plaintiff is a qualified individual over forty who was replaced with someone younger than he or that younger people who were similarly situated to him were not terminated. *See Zaben v. Air Products & Chemicals, Inc.*, 129 F.3d at 1457; *Corbin v. Southland Int'l Trucks*, 25 F.3d 1545, 1549 (11th Cir. 1994); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1082 (11th Cir. 1991); *Cengr v. Fusibond Piping System*, 135 F.3d 445, 451 (7th Cir. 1998). "The establishment of the [*prima facie* case] is significant for two reasons: first, it creates a presumption of unlawful discrimination that the employer must rebut or lose as a matter of law; and, second, it means that the plaintiff has present evidence allowing a reasonable trier of fact to infer unlawful discrimination." *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 642-43 (11th Cir. 1998). "If the prima facie case remains unrebutted, therefore, the plaintiff is entitled to judgment in her favor as a matter of law, provided that the trier of fact believes the evidence put forward to establish the prima facie case." *Walker v. Mortham*, 158 F.3d 1177, 1184 (11th Cir. 1998).

Upon proof of the *prima facie* case, the defendant has the negligible burden of articulating some legitimate, nondiscriminatory reason(s) for its employment-related decision. "To satisfy this burden, the employer 'need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus.'" *Tidwell v. Carter Products*, 135 F.3d at 1425 (*citing Texas Dep't of Community Affairs v. Burdine*, 450 U.S. at 257). "Successfully carrying this burden bursts the presumption of discrimination and leaves only the ultimate question—whether the employer's offered explanations are pretextual." *Carter v. Three Springs Residential Treatment*, 132 F.3d at 643. Once the defendant has articulated some legitimate nondiscriminatory reason(s) for the employment decision,

eliminating the presumption of discrimination, "the plaintiff has the opportunity to discredit the defendant's proffered explanation for its decision." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1528 (11th Cir. 1997).

The types of evidence that are presented to demonstrate that the defendant's reason for the unfavorable action was due to improper discrimination comes in two forms: First, there is the form of evidence that does not attack the defendant's reason itself, but establishes pretext by demonstrating other discriminatory actions of the defendant. Occasionally, the facts that prove the plaintiff's *prima facie* case will satisfy this burden, as in the case where the plaintiff demonstrates that older employees of a business were consistently treated less favorably than younger employees. More often, the plaintiff will be required to present more evidence than that supporting his *prima facie* case in demonstrating that "a discriminatory reason more likely motivated the employer." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. at 256; *See Combs v. Plantation Patterns*, 106 F.3d at 1528.

The plaintiff can also present a second form of evidence establishing discriminatory intent "indirectly by showing that the employer's proffered explanation is unworthy of credence." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. at 256. The plaintiff, rather than putting on evidence of other motives by the employer, introduces evidence the purpose of which is to permit a reasonable trier of fact to find hollow the nondiscriminatory reason(s) offered by the employer. *Combs v. Plantation Patterns*, 106 F.3d at 1528.

> [I]n considering whether a plaintiff has presented a jury question on pretext, we have required that the plaintiff point to facts which, if true, would present a basis for the disbelief of the defendant's overall justification. That the plaintiff calls into question some assertions made by the defendant in support of defendant's justification is not enough. The plaintiff must call into question the veracity of the defendant's ultimate justification itself. *See Brown v. American Honda Motor Co.*, 939 F.2d 946, 952-54 (11th Cir.1991) (although plaintiff succeeded in contradicting some facts alleged by defendant, plaintiff presented no jury question because defendant's ultimate justification went essentially unchallenged).

*Isenbergh v. Knight-Ridder Newspaper Sales, Inc.*, 97 F.3d 436, 444 (11th Cir. 1996).

> When deciding a motion by the defendant for judgment as a matter of law in a discrimination case in which the defendant has proffered nondiscriminatory reasons for its actions, the district court's task is a highly focused one. The district court must, in view of all the evidence, determine whether the plaintiff has cast sufficient doubt on the defendant's proffered nondiscriminatory reasons to permit a reasonable factfinder to conclude that the employer's proffered "legitimate reasons were not what actually motivated its conduct," *Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 605 (11th Cir. 1994) (citation omitted). The district court must evaluate whether the plaintiff has demonstrated "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered

legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Sheridan*, 100 F.3d at 1072 (citation and internal quotation marks omitted); *see also Walker*, 53 F.3d at 1564 (Johnson, J., concurring) (discussing methods of proving pretext). However, once the district court determines that a reasonable jury could conclude that the employer's proffered reasons were not the real reason for its decision, the court may not preempt the jury's role of determining whether to draw an inference of intentional discrimination from the plaintiff's prima facie case taken together with rejection of the employer's explanations for its action. At that point, judgment as a matter of law is unavailable.

*Combs v. Plantation Patterns*, 106 F.3d at 1538. *See Evans v. McClain of Georgia, Inc.*, 131 F.3d 957, 964-65 (11th Cir. 1997).

While the defendant concedes all other aspects of the plaintiff's *prima facie* case — i.e., that he was within the statutorily protected age group, that he was discharged, and that he was replaced by someone younger — the defendant disputes whether the plaintiff was, in fact, qualified for his position, based on his failure to perform certain management duties. However, "the prong requiring proof of qualification is removed" from the *prima facie* case in a discriminatory discharge or demotion case, as opposed to the prima facie case in discriminatory hiring or promotion cases. *Young v. General Foods Corp.*, 840 F.2d 825, 829 n. 3 (11th Cir. 1988), *cert. denied*, 488 U.S. 1004 (1989); *Rosenfield v. Wellington Leisure Products,* 827 F.2d 1493, 1495 n.2 (11th Cir. 1987)(*quoting Pace v. Southern Railway System,* 701 F.2d 1383, 1386 n.7 (11th Cir.), *cert. denied,* 474 U.S. 1018, 104 S. Ct. 549, 78 L. Ed. 2d 724 (1983). The court explained that "the reason for this modification is that in cases where a plaintiff has held a position for a significant period of time, qualification for that position sufficient to satisfy the test of a prima facie case can be inferred." *Id.* In the instant case, the plaintiff held the position of department manager for a considerable length of time prior to his discharge. As such, " qualification for that position ... can be inferred." *Id.*[6]

---

[6] Even were this court to include qualification as a requisite for establishing a *prima facie* case, this court would not include among them continued good performance or a lack of discipline. For this court to hold otherwise would upset the balance of the circumstantial evidence case in the context of a job action taken by the employer that was not facially disciplinary in nature. A contrary ruling would move the plaintiff's burden of demonstrating that disciplinary reasons for termination are pretext from the final stage of the case to the plaintiff's *prima facie* case In moving the demonstration that disciplinary reasons for termination are not disqualifying to the plaintiff's *prima facie* case, the plaintiff is arguably robbed of a means of demonstrating that the disciplinary reasons for termination were inappropriate, i.e., that the reasons masked discrimination. If the plaintiff is not qualified for the job, in a circumstantial evidence case, it does not matter whether a discriminatory intent exists; the plaintiff would not be entitled to the job in any case. If disciplinary reasons for termination are masked within the requirement that the plaintiff prove qualification, then, even if the plaintiff can show that the reasons were applied with discriminatory intent, it is irrelevant; he still has no entitlement to employment.

Even if the plaintiff were permitted to prove qualification by arguing that the disciplinary reasons for

Nonetheless, in instances in which the employee seeks to prove his *prima facie* case without reference to his qualification for his employment, an alternative requirement to qualification is included in the *prima facie* case, to insure that the hiring of the younger individual is more than mere happenstance: the terminated employee must come forward with proof that the employer "*sought* to replace him with a younger person." *Pace v. Southern Railway System*, 701 F.2d at 1386 n.7 (11th Cir.) (*emphasis added*). Gallant's comments that younger blood was needed in the department sufficiently satisfy this requirement for purposes of summary judgment.

As legitimate non-discriminatory reasons for the termination, the defendant points to the problems of the plaintiff with regard to maintaining an organized department, his failure to hold departmental meetings, the disarray of the stockroom in the plaintiff's department and the plaintiff's failure to meet deadlines. The plaintiff responds that he was written up for failing to meet standards that did not exist and for actions he took for which others were not written up. He also avers that statements made by Gallant referring to older people in the department creates a genuine issue of material fact with regard to whether the defendant's reasons for termination were legitimate. The court finds that the evidence presented by the plaintiff, while weak, presents a genuine issue of triable fact.

## Conclusion

For the forgoing reasons, the motion for summary judgment will be DENIED.

DONE and ORDERED this 28th day of December, 1998.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE

---

termination were applied in a discriminatory fashion as part and parcel of the *prima facie* case, it still places the plaintiff in the peculiar bind of having to prove his entire case before the defendant even advances a legitimate non-discriminatory reason for termination. The court refuses to strip *McDonnell-Douglas* of content in this way.